IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 19-cv-02734-CMA

SHAWN P. DOMENECH,

    Petitioner,

v.

DEAN WILLIAMS, *Executive Director of the Colorado Department of Corrections*, and THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

Petitioner Shawn P. Domenech is in the custody of the Colorado Department of Corrections. On September 23, 2019, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a motion to stay the action (ECF No. 4). Petitioner challenges a conviction and sentence entered against him on July 9, 2015, in the District Court for Denver County, Colorado, case number 2013CR6320. On December 26, 2019, Respondents filed a Pre-Answer Response. (ECF No. 16). Petitioner filed a Reply to Pre-Answer Response on March 24, 2020. (ECF No. 21). Following initial review under D.C.COLO.LCivR 8.1, Magistrate Judge Gordon P. Gallagher ordered the case be drawn to a presiding judge, and it was reassigned to Magistrate Judge S. Kato Crews. (ECF No. 28). All parties did not consent to the jurisdiction of a magistrate judge; thus, on April 3, 2020, the action was randomly reassigned to this Court for further proceedings. (ECF No. 29).

1

The Court must construe Petitioner's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons below, the Court dismisses the Application in part (claims one and three) and directs Respondents to address the merits of the remaining claim (claim two).

**I.  BACKGROUND**

In addressing his direct appeal, the Colorado Court of Appeals recounted the background of Petitioner's convictions as follows:

> The prosecution charged defendant with robbery and theft, and it later added six habitual criminal counts. The prosecution and defendant agreed to a plea disposition: defendant would plead guilty to robbery and two of the habitual criminal counts, and the prosecution would dismiss the rest of the counts.
>
> At the providency hearing, defendant told the trial court that he was dissatisfied with plea counsel's representation. He said that he thought that counsel had 'coerced' him into accepting the plea disposition. (The written plea disposition agreement underscored this discontent. Defendant did not initial the paragraphs stating that he was satisfied with counsel's advice and that he believed that counsel had provided him with effective representation.)
>
> Defendant based this allegation of counsel's ineffectiveness on his claim that he had previously entered into a different disposition with the prosecution: if he waived his right to the preliminary hearing, the prosecution would not file habitual criminal counts. (We shall refer to this agreement as the 'preliminary hearing agreement' for the rest of this opinion.) But, he continued, the prosecution had filed those counts even though he had waived his right to the hearing. So he thought that the prosecution had 'lied' to him.
>
> The trial court responded that defendant's allegations about the preliminary hearing agreement concerned the prosecution, not plea counsel. Defendant replied that counsel had explained this point to him and that he was 'understanding it now.'

> The court then told defendant that he did not have to enter into the proposed plea disposition and that he could instead go to trial. Defendant answered, '[w]ell, [the plea disposition is] better than twenty-four [years in prison], so I'm going to go ahead and take it.' He then made clear that, 'despite [his] . . . concerns, [he was] still willing' to accept the plea disposition and plead guilty.
>
> The trial court then asked defendant why he had not initialed the paragraphs of the written plea agreement that pertained to his satisfaction with plea counsel's representation. Defendant replied that he 'still wanted to go forward with' the plea disposition[. . . . ]
>
> [After defendant made several requests to withdraw his plea,] [t]he trial court denied defendant's request to withdraw his guilty plea. It found that the prosecution had upheld its end of the preliminary hearing agreement. It also found that the court had fully advised defendant about the effect of that agreement during the providency hearing. The court added that it did not 'perceive any misrepresentations,' 'unethical conduct,' or 'substandard performance' by plea counsel. Consistently with the plea disposition, the court sentenced defendant to prison for eighteen years.

(ECF No. 16-3 at 2-6). Ultimately, the Colorado Court of Appeals affirmed the convictions and sentence. (*Id.* at 9). After his convictions and sentence were affirmed, the Colorado Court of Appeals heard Petitioner's appeal from the denial of postconviction relief. The court recounted the direct appeal and summarized the issues raised in postconviction proceedings:

> After pleading guilty to robbery and two habitual criminal counts, Domenech filed a Crim. P. 32(d) motion to withdraw his guilty plea. In 2015, the trial court denied the motion, sentenced him to eighteen years in prison, and entered the judgment of conviction. A division of this court affirmed the denial of the Crim. P. 32(d) motion. *See People v. Domenech*, (Colo. App. No. 15CA1442, Feb. 16, 2017) (not published pursuant to C.A.R. 35(e)) (*Domenech I*).
>
> Domenech then filed a Crim. P. 35(c) motion arguing that the habitual criminal statute did not apply to enhance his sentence, he was improperly sentenced without the assistance of counsel, and he received the ineffective assistance of counsel. The trial court denied the motion without a hearing.

(ECF No. 16-6 at 2). On May 16, 2019, the Colorado Court of Appeals affirmed the trial court's denial of postconviction relief. (*See id.*).

On September 9, 2019, Petitioner filed a second postconviction motion with the state trial court. (ECF No. 16-11). The second motion was brought under Colo. R. Crim. P. 35(a), again arguing that the habitual criminal statute did not apply to enhance his sentence. The trial court denied the motion on October 1, 2019. (ECF No. 16-12). Petitioner's appeal of that denial is now pending before the Colorado Court of Appeals. (ECF No. 16-13).

Petitioner commenced this action on September 23, 2019. (ECF No. 1). Petitioner asserts three claims: 1) he was illegally sentenced as a habitual criminal under Colo. Rev. Stat. § 18-1.3-801(1.5); 2) he received ineffective assistance of counsel in violation of the Sixth Amendment; and 3) the prosecutor engaged in misconduct by breaching his agreement to not pursue habitual criminal charges in exchange for Petitioner waiving a preliminary hearing. (*See id.*). As relief, he requests "overturning of the Habitual Criminal conviction as it is an illegal sentence pursuant to Colorado C.R.S. § 18-1.3-801(1.5) et al." (*Id.* at 11). With the Application, Petitioner also filed a motion to stay the action (ECF No. 4). Respondents filed a Pre-Answer Response conceding that the Application is timely and that claim two has been exhausted. (*See* ECF No. 16). But Respondents argue that claim one is not cognizable, claim three is unexhausted and procedurally defaulted, and Petitioner fails to establish good cause for a stay of the matter. (ECF No. 16 at 8-13; 13-20). Petitioner filed a Reply, but fails to directly address whether claim one is cognizable, whether he has exhausted each of his claims, or explain the grounds for his request to stay the action.

4

(ECF No. 21). The Court will now address these issues as they relate to each claim.

## II. DISCUSSION[1]

### A. Whether Claim One is Cognizable

In claim one, Petitioner alleges that he was illegally sentenced as a habitual criminal under Colo. Rev. Stat. § 18-1.3-801(1.5). (ECF No. 1 at 4-5). Specifically, he claims the sentencing court erred by using a prior "class six felony" conviction as one of two required prior convictions to impose the enhanced sentence. (*Id.* at 5). Respondents assert that such a claim is not cognizable in this § 2254 action: "To the extent [Petitioner] is asserting that he could not, under Colorado's habitual criminal statute, be charged as a habitual criminal, this was presented to, and addressed by, the CCA [as] a matter of state law and does not present a federal constitutional question." (ECF No. 16 at 11). Petitioner does not address Respondents' argument in his Reply, except to reiterate that he seeks to correct his "illegal sentence" in this action. (*See* ECF No. 21 at 6-8). The Court agrees with Respondents.

Petitioner's first claim runs headfirst into the well-established rule that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As Respondents argue, Petitioner challenged his sentence under the habitual criminal statute in the Colorado Court of Appeals as a

---

[1] Respondents do not raise the one-year limitation period in 28 U.S.C. § 2244(d) as a defense. (ECF No. 16 at 8 ("the application for a writ of habeas corpus, filed on September 23, 2019, appears to be timely.")). Therefore, the Court will not address timeliness.

matter of state law. That court found "the two predicate convictions needed to invoke the statute must only be felonies, regardless of classification." (ECF No. 16-6 at 4 (citing Colorado law)). The state appellate court went on to reject Petitioner's interpretation of the statute concluding that "the habitual sentence enhancer was properly applied." (*Id.*). Petitioner's first claim really seeks to use a writ of habeas corpus to press his preferred interpretation of Colorado law. He may not do so in this action. *Estelle*, 502 U.S. at 67-68; *see also Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011) (rejecting "Defendant's challenge to the affirmance of his conviction [because it was] in essence a challenge to the Colorado Court of Appeals' interpretation of the state robbery statute, a challenge that we cannot entertain in a proceeding under § 2254."). Therefore, claim one will be dismissed.

### B. Whether Claims Two and Three Were Exhausted in State Court

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state remedies are available or effective to protect the petitioner's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires the federal issue to be properly presented "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to the state courts to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S.

6

270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). A claim must be presented as a federal constitutional claim in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

A petitioner's blanket statement that state remedies have been exhausted does not satisfy the burden of demonstrating a claim was fairly presented to the state courts. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (finding a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies have been properly exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522

(1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). The Court will now discuss whether Petitioner exhausted his second and third claims.

**Claim Two: Ineffective Assistance of Counsel.** According to Petitioner, trial counsel was ineffective in advising him to accept a plea agreement when he knew the prosecutor would be seeking an enhanced sentence based on Petitioner's prior felonies. (ECF No. 1 at 6-7). Such a plea agreement, he continues, contradicted the prosecutor's earlier offer to not seek the habitual offender enhancement. (*Id.*). Respondents assert that "Claim 2 is exhausted." (ECF No. 16 at 11). The Court's review of Petitioner's postconviction appellate brief shows this claim was presented to the state court as a violation of his Sixth Amendment right under the United States Constitution. (*See* ECF No. 16-5 at 11-16). Thus, the Court concludes that claim two has been exhausted and will proceed on the merits.

**Claim Three: Prosecutorial Misconduct.** Petitioner next asserts the prosecutor engaged in misconduct by agreeing to not pursue habitual criminal charges in exchange for Petitioner waiving a preliminary hearing. (ECF No. 1 at 8-9). Notwithstanding Petitioner's understanding of this agreement, the prosecutor later added and pursued the habitual criminal charges despite Petitioner having lived-up to his end of the deal. (*Id.*). Respondents counter that a freestanding prosecutorial misconduct claim was never presented to the state court—Petitioner only presented an ineffective assistance of counsel claim for *counsel's* failure to act on the alleged misconduct. (ECF No. 16 at 12-13). These are distinct claims, according to Respondents, making the prosecutorial misconduct claim unexhausted. (*Id.*). Petitioner does not address exhaustion of claim three in his Reply. Instead, Petitioner states that "the A.G. has clearly seen this as

8

prosecutorial misconduct" based on "the action currently before the" Colorado Court of Appeals. (ECF No. 21 at 5). The Court finds this claim unexhausted and procedurally defaulted.

A prosecutorial misconduct claim was not one of the five issues presented in Petitioner's opening brief to the postconviction appellate court. (ECF No. 16-5 at 7). Petitioner did reference the prosecution's filing of the habitual counts in his opening brief: "this is another issue in relation to the 'detrimental reliance' upon prosecution's promise not to file habitual counts for waiver of preliminary hearing, and also in Mr. Domenech's counsel not effectively challenging the priors or the prosecution's violation of the agreement." (*See id.* at 9). But this passing reference to the prosecutor's alleged misconduct was made in relation to Petitioner's argument that the sentencing court erred in applying Colorado's habitual criminal statute enhancement and that his counsel was ineffective. The Colorado Court of Appeals likewise framed the claim on appeal as rooted in ineffective assistance of counsel:

> Defendant first asserts that his counsel provided ineffective assistance at the preliminary hearing because he failed to ensure that the prosecution adhered to its agreement to not file habitual criminal counts if he waived his right to a preliminary hearing (preliminary hearing agreement).
>
> We conclude that defendant's guilty plea waived any claim relating to counsel's ineffective assistance with regard to the preliminary hearing agreement. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.")

(ECF No. 16-6 at 5-6).² Nor does Petitioner establish that a prosecutorial misconduct claim has been raised in any other state proceeding. Thus, the Court finds the prosecutorial misconduct claim unexhausted because Petitioner did not present it to the Colorado courts.

And Respondents contend this unexhausted claim is also procedurally defaulted. If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). If it is obvious that an unexhausted claim would be procedurally barred in state court, the claim is barred from federal habeas review. *Id.*

Respondents specifically argue that Petitioner's "prosecutorial misconduct claims are now procedurally defaulted because, under Colo. R. Crim. P. 35(c)(3)(VII), [he] could have, but did not, raise them in his direct appeal." (ECF No. 16 at 13). The Court agrees. With limited exceptions not applicable here, the Colorado Rules of Criminal Procedure bar Petitioner from raising a claim that was or could have been presented in a prior appeal or postconviction proceeding. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or

---

² Even if the Court were to consider the prosecutorial misconduct claim, it would fail on the merits under *Tollett* because the alleged misconduct occurred before Petitioner entered his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.")

10

postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"). These state procedural rules are independent of federal law and applied regularly by Colorado courts. *See Mestas v. Zavaras*, 407 F. App'x 354, 355-56 (10th Cir. 2011) (unpublished) (finding state procedural bar under Colo. R. Crim. P. 35(c)(3)(VI) independent and adequate); *Burton v. Zavaras*, 340 F. App'x 453, 454-55 (10th Cir. 2009) (unpublished) (finding a procedural default based on Colorado Court of Appeals' application of Colo. Crim. P. Rule 35(c)(3)(VII)); *Welch v. Milyard*, 436 F. App'x 861, 865 (10th Cir. 2011) (unpublished) (same); *Ellis v. Raemisch*, 872 F.3d 1064, 1093 n.7 (10th Cir. 2017) (proceeding on the assumption "that the provisions of Rule 35(c)(3)(VII) at issue here satisfy the independence and adequacy criteria."). Petitioner could have—but did not—raise prosecutorial misconduct as a claim on direct appeal. The Colorado Rules of Criminal Procedure bar him from doing so now. Thus, the Court finds that claim three is unexhausted and procedurally defaulted.

A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal law violation or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). To demonstrate cause for the procedural default, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v.*

11

*Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Petitioner demonstrates cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Petitioner does not state any facts in the Application or in his Reply to demonstrate cause for his procedural default of this claim. Nor does he raise a colorable claim of factual innocence to establish a fundamental miscarriage of justice. (*See* ECF Nos. 1, 21). Consequently, claim three will be dismissed with prejudice as procedurally defaulted.

### C. Stay

This brings the Court to Petitioner's motion to stay the action. (ECF No. 4). He appears to base his request for a stay on the pending postconviction challenge (his second such challenge) in state court. (*See id.* at 1-2). Respondents oppose the request. (ECF No. 16 at 14-20). In opposition, Respondents argue that Petitioner fails to identify what claim he seeks to exhaust in state court; that the Petitioner has not

12

established good cause for a stay; any such claim—to the extent that Respondents can divine what claim Petitioner seeks to exhaust—likely lacks merit; and Petitioner provides no explanation for why the unidentified claim was not raised before. (*Id.*). The Court finds that a stay is not warranted here.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), this Court has discretion to stay a mixed petition—a petition containing both exhausted and unexhausted claims—while a habeas petitioner returns to state court to exhaust the unexhausted claims. *Id.* at 277. A stay may be granted if: (1) the petitioner establishes good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims have potential merit, and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

To begin, Petitioner has not presented the Court with a mixed petition—thus, a stay under *Rhines* is not even implicated. Claim one is subject to dismissal because it is not a cognizable federal claim and claim three will be dismissed based on procedural default. As such, only Petitioner's second (exhausted) claim for ineffective assistance of counsel will be left for consideration, meaning that the petition does not contain exhausted and unexhausted claims.

Even so, Petitioner fails to explain what claim he seeks to exhaust in state court and pursue in this action. The Court is therefore unable to glean any cause—let alone the required good cause under *Rhines*—for the Petitioner's failure to exhaust the unknown claim (or claims) in state court. And if Petitioner seeks a stay based on the claim asserted in his Colo. R. Crim. P. 35(a) motion regarding application of Colorado's habitual criminal statute (currently pending on appeal before the Colorado Court of

Appeals), such a claim lacks merit. As discussed above, Petitioner has only presented this claim as a matter of state law (in both state postconviction proceedings), which is not cognizable in this federal habeas corpus action. Further, as the state trial court noted in denying the second postconviction motion (the Rule 35(a) motion), Petitioner "has previously raised this identical issue with this [court], which was denied. He then appealed, raising the identical issue, and was again denied when the Court of Appeals affirmed [the state trial court's] previous order." (ECF No. 16-12 at 1-2). In short, the claim is not cognizable in this action and is most likely procedurally defaulted under the Colorado postconviction rules discussed above. Accordingly, the request to stay this action is denied.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that claim one is DISMISSED WITH PREJUDICE for failing fail to state a federal constitutional claim cognizable in a federal habeas proceeding. It is

**FURTHER ORDERED** that claim three is DISMISSED WITH PREJUDICE as procedurally defaulted. It is

**FURTHER ORDERED** that, within thirty (30) days from the date of this order, Respondents shall file an Answer that fully addresses the merits of claim two. Such Answer shall conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. It is

**FURTHER ORDERED** that, within thirty (30) days from the date Respondents file an Answer, Petitioner may file a Reply if he desires. It is

**FURTHER ORDERED** that Petitioner's motion to stay (ECF No. 4) is DENIED.

DATED at Denver, Colorado, April 6, 2020.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge