IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02734-CMA

SHAWN P. DOMENECH,

    Petitioner,

v.

DEAN WILLIAMS, Executive Director of the Colorado Department of Corrections, and THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

Petitioner Shawn P. Domenech is in the custody of the Colorado Department of Corrections after he pled guilty in state court to robbery and two habitual criminal counts. Through this federal habeas action, Petitioner claims his counsel was constitutionally ineffective, and, as a result, challenges the validity of his convictions and sentence under 28 U.S.C. § 2254. For the reasons that follow, the Court rejects the challenges and denies Petitioner's habeas application.

## I.  STANDARDS OF REVIEW

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a prisoner who challenges (in a federal habeas court) a matter 'adjudicated on the merits in State court' to show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented

1

in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (citing 28 U.S.C. § 2254(d)). Petitioner's claims of ineffective assistance of counsel were "adjudicated on the merits in State court." It is well-settled that "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion[,] a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

Because Petitioner is *pro se*, the Court liberally construes his filings, but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Petitioner also bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel was ineffective, Petitioner must demonstrate both deficient performance and that counsel's deficient performance resulted in prejudice to his defense. *See id.* at 687. If Petitioner fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See id.* at 697. In general, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* It is Petitioner's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.*

The challenge of demonstrating counsel was ineffective is even greater for a state prisoner seeking federal habeas corpus review under § 2254(d). *See Harmon v.*

2

*Sharp*, 936 F.3d 1044, 1058 (10th Cir. 2019). "When assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [federal courts] defer to the state court's determination that counsel's performance was not deficient and, further, to the attorney's decision in how to best represent a client." *Id.* (internal quotation marks and brackets omitted). Thus, review under § 2254(d) is doubly deferential. *See id.* "The question is whether *any* reasonable argument exists that counsel satisfied *Strickland's* deferential standard." *Id.* (citations and internal quotes omitted). "And because the *Strickland* standard is a general standard, a state court has . . . more latitude to reasonably determine that a defendant has *not* satisfied that standard." *Id.*

Under the prejudice prong, Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable."). In determining whether Petitioner has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to Petitioner. *See Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

## II.   DISCUSSION

What remains of Petitioner's habeas application are two attacks to the effectiveness of counsel in the state court proceedings.[1] Recall that Petitioner pled

---

[1] The application asserts three claims. The Court dismissed Petitioner's first and third claim on procedural grounds. (*See* ECF No. 30). Plaintiff's "second claim" maintains that counsel was ineffective in two separate ways. The Court will discuss each separately.

guilty. Yet, prior to pleading guilty, Petitioner first contends that one of his public defenders provided constitutionally ineffective assistance because she somehow failed to enforce an earlier (and better) plea offer made by the prosecution. (ECF No. 1 at 6-7). Second, Petitioner claims that counsel (Petitioner's second public defender in the proceeding) was ineffective for failing to challenge the legality of the habitual criminal counts—presumably at sentencing—as violating Colorado law. Both claims were rejected on the merits in state court. The Court will now recount the specific reasons each claim was rejected in state court and then discuss whether § 2254 provides any basis for habeas relief.

### A.     State-court resolution of plea deal claim.

On direct appeal, the Colorado Court of Appeals summarized the events leading to Petitioner's guilty plea as follows:

> The prosecution charged defendant with robbery and theft, and it later added six habitual criminal counts. The prosecution and defendant agreed to a plea disposition: defendant would plead guilty to robbery and two of the habitual criminal counts, and the prosecution would dismiss the rest of the counts.
>
> At the providency hearing, defendant told the trial court that he was dissatisfied with plea counsel's representation. He said that he thought that counsel had 'coerced' him into accepting the plea disposition. (The written plea disposition agreement underscored this discontent. Defendant did not initial the paragraphs stating that he was satisfied with counsel's advice and that he believed that counsel had provided him with effective representation.)
>
> Defendant based this allegation of counsel's ineffectiveness on his claim that he had previously entered into a different disposition with the prosecution: if he waived his right to the preliminary hearing, the prosecution would not file habitual criminal counts. (We shall refer to this agreement as the 'preliminary hearing agreement' for the rest of this opinion.) But, he continued, the prosecution had filed those counts even though he had waived his right to the hearing. So he thought that the prosecution had 'lied'

> to him.
>
> The trial court responded that defendant's allegations about the preliminary hearing agreement concerned the prosecution, not plea counsel. Defendant replied that counsel had explained this point to him and that he was 'understanding it now.'
>
> The court then told defendant that he did not have to enter into the proposed plea disposition and that he could instead go to trial. Defendant answered, '[w]ell, [the plea disposition is] better than twenty-four [years in prison], so I'm going to go ahead and take it.' He then made clear that, 'despite [his] . . . concerns, [he was] still willing' to accept the plea disposition and plead guilty.
>
> The trial court then asked defendant why he had not initialed the paragraphs of the written plea agreement that pertained to his satisfaction with plea counsel's representation. Defendant replied that he 'still wanted to go forward with' the plea disposition[. . . . ]
>
> [After defendant made several requests to withdraw his plea,] [t]he trial court denied defendant's request to withdraw his guilty plea. It found that the prosecution had upheld its end of the preliminary hearing agreement. It also found that the court had fully advised defendant about the effect of that agreement during the providency hearing. The court added that it did not 'perceive any misrepresentations,' 'unethical conduct,' or 'substandard performance' by plea counsel. Consistently with the plea disposition, the court sentenced defendant to prison for eighteen years.

(ECF No. 16-3 at 2-6). Petitioner argued on appeal that the trial court erred in denying his request to withdraw his guilty plea—Petitioner based the claim on ineffective assistance of counsel. The Colorado Court of Appeals explained the reasons for its rejection of the challenges:

> We first conclude that the trial court did not abuse its discretion when it found that defendant's allegations concerning the preliminary hearing agreement were not fair and just reasons to grant his request to withdraw his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Neuhaus v. People*, 2012 CO 65, ¶ 8 (A guilty plea "waives all nonjurisdictional errors in the defendant's

5

> conviction" and "a defendant must plead not guilty and go to trial to preserve appellate review of his constitutional challenges to pretrial proceedings.").
>
> Defendant raised his complaint about the preliminary hearing agreement during the providency hearing. The court gave him an opportunity to back out of the plea disposition. But he decided to plead guilty anyway. His subsequent letter to the court and his request to withdraw his guilty plea at the sentencing hearing did not provide any information that had not been before the court during the providency hearing.
>
> We next conclude that the trial court did not abuse its discretion when it found that defendant's allegation that plea counsel had been ineffective was not a fair and just reason to withdraw his guilty plea. Defendant's pre-sentencing letter to the court and his comments during the sentencing hearing did not contain any specific facts that backed up his claims that counsel had coerced him into pleading guilty, had not acted in his best interests, had misled him, or had contributed to his misunderstanding of the plea disposition. And he never described the part or parts of the plea disposition that he allegedly misunderstood. *See People v. Lopez*, 12 P.3d 869, 871 (Colo. App. 2000) ("[I]n the context of a Crim. P. 32(d) motion to withdraw a guilty plea prior to sentencing, a trial court may decline to appoint new counsel to represent the defendant if the claim of ineffective assistance is simply conclusory or is contradicted by the record.").

(*Id.* at 7-9).

After his convictions and sentence were affirmed on direct appeal, the Colorado Court of Appeals heard Petitioner's appeal from the denial of postconviction relief. Petitioner again argued that counsel was ineffective for failing to make the prosecution adhere to the first plea offer which Petitioner had rejected. The claim was rejected a second time:

> We conclude that defendant's guilty plea waived any claim relating to counsel's ineffective assistance with regard to the preliminary hearing agreement. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Neuhaus v. People*, 2012 CO 65, ¶ 8 ("[A] guilty plea precludes review of issues that arose prior to the plea."); *People v. Isham*, 923 P.2d 190, 195 (Colo. App. 1995) ("A guilty

6

> plea waives all nonjurisdictional objections, including fundamental, Sixth Amendment constitutional rights" and "a defendant has no right to raise a constitutional claim after a guilty plea when that claim does not relate directly to the adequacy of the plea."); *see also People v. Stovall*, 2012 COA 7M, ¶ 13 (A "defendant may challenge his guilty plea on the grounds of ineffective assistance of counsel when that challenge goes to the issue of whether the plea was knowingly, voluntarily, and intelligently entered.").
>
> As noted in *Domenech I*, Domenech raised his dissatisfaction with counsel's representation at the providency hearing and specifically complained about not receiving the benefit of the preliminary hearing agreement. The trial court advised Domenech that he could reject the plea disposition but he ultimately chose to plead guilty.
>
> Moreover, in response to Domenech's Crim. P. 32(d) request to withdraw his guilty plea, the prosecution pointed out that it had complied with the preliminary hearing agreement by offering Domenech a plea disposition that did not include any habitual criminal counts. Upon Domenech's rejection of that offer, the prosecution filed the habitual criminal counts.

(ECF No. 16-6 at 6-7).

### B.     Application of Section 2254.

Respondents maintain that § 2254 provides no basis for habeas relief on this claim. (ECF No. 37 at 19-21). Petitioner has not filed a reply to address Respondents arguments. (*See* docket).[2] The Court agrees with Respondents.

First, Petitioner does not point to a single instance of the state appellate court unreasonably apply a governing authority. In fact, the Court agrees that Petitioner's first ineffective assistance of counsel claim falls squarely within the holding of *Tollett v. Henderson*, 411 U.S. 258, 267 (1973): "When a criminal defendant has solemnly

---

[2] After Respondents filed their answer, Petitioner filed two change of address notices, a letter, and a document titled "Status Update." (ECF Nos. 39, 40, 41, 42). In the letter, Petitioner requests a "stay of all proceedings until such time as when C.D.O.C. will have me placed into my next location of extended time placement." (ECF No. 40 at 2). The Court has already denied Petitioner's request for a stay of these proceedings. (ECF No. 30). Petitioner provides no reason for the Court to reconsider that denial. Nor does Petitioner now establish good cause to stay the proceedings indefinitely.

admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." All the claimed shortcomings of counsel occurred *before* Petitioner pled guilty. The Court sees no reason—and Petitioner doesn't offer any—why the claim is not flatly barred by *Tollett*. At a minimum, the appellate court's ruling was not contrary to, or an unreasonable application of, existing law. *Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). Accordingly, Petitioner fails to demonstrate the state court's determination of this claim was contrary to clearly established federal law under § 2254(d)(1).

Nor does Petitioner suggest that the state court's rejection of this claim was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). Therefore, habeas relief is not warranted on this claim.

### C. State-court rejection of illegal-sentence claim.

This brings the Court to Petitioner's second ground for habeas relief. During postconviction proceedings, Petitioner argued that Colorado's "habitual criminal statute should not have been applied to enhance his sentence because one of the two prior convictions used to invoke the statute was for a class 6 felony, which is not statutorily authorized." (ECF No. 16-6 at 3-4). The Colorado Court of Appeals disagreed with Petitioner's interpretation of the state habitual criminal statute. (*Id.*). It then went on to reject Petitioner's contention "that counsel was ineffective for failing to object to the

application of the habitual criminal statute to enhance his sentence[.] Since we conclude that the statute was correctly applied, Domenech failed to establish that counsel's representation was deficient." (*Id.* at 7-8 (citing *Strickland v. Washington*, 466 U.S. 668, 698-88 (1984) ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.")).

### D.     Application of Section 2254.

Respondents first assert that the claim cannot be contrary to, or an unreasonable application of, federal law because resolution of the issue turned on interpreting Colorado state law. (ECF No. 37 at 21-23). Moreover, "it was not unreasonable for the court to conclude that counsel could not have been ineffective in failing to raise that meritless claim." (*Id.* at 23). The Court agrees on both scores.

To start, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner challenged his sentence under the habitual criminal statute in the Colorado Court of Appeals as a matter of state law. The state appellate court found "the two predicate convictions needed to invoke the statute must only be felonies, regardless of classification." (ECF No. 16-6 at 4 (citing Colorado law)). Thus, Petitioner does not present this Court with an alleged violation of the Constitution, laws, or treaties of the United States.

Moreover, the state appellate court went on to reject Petitioner's interpretation of the Colorado statute, concluding that "the habitual sentence enhancer was properly

applied." (*Id.*). Quite simply, failure to raise a meritless interpretation of state law is not ineffective assistance of counsel. *Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006). Petitioner fails to establish otherwise. Nor is there any suggestion in the habeas application that resolution of the claim was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). As such, this claim fails to provide a basis for habeas relief.

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner is not entitled to habeas relief on any of his claims. Accordingly, the Court

ORDERS that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **denied** and this case is **dismissed with prejudice**; and

FURTHER ORDERS that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED:  October 27, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge